UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SOUTH BEACH SKIN CARE, INC. a
Florida Corporation and LIFECELL IP
HOLDINGS LLC, A Florida Limited
Liability Company,

                        Plaintiff,        Case No.:
                                          21-cv-3135-DG-LB

  -against-

                                           **FIRST AMENDED ANSWER**

EVENT FASHION FOOTWEAR, INC.,
d/b/a EVENT FASHION LLC, a New
York corporation, D&J SKY SHOP, INC.
A New York corporation and GLOBAL
PRIME DIRECT, LLC a Massachusetts
Corporation,
                                 Defendants.

-----------------------------------------------------------------------X

**DEFENDANT EVENT FASHION FOOTWEAR, INC.'S FIRST AMENDED ANSWER TO THE COMPLAINT WITH AFFIRMATIVE DEFENSES**

      Defendant EVENT FASHION FOOTWEAR, INC. (incorrectly named herein as EVENT FASHION FOOTWEAR INC., d/b/a EVENT FASHION LLC), appearing by the Law Offices of Joshua R. Bronstein & Associates, PLLC, as for Defendant's First Amended Answer to Plaintiff's Complaint, alleges as follows:

      1.   Defendant denies all the allegations outright and/or upon information and belief, as to paragraphs 1-135 of the Complaint, except admits that Event Fashion Footwear, Inc. conducts business at 1666 West 1st Street, Brooklyn, New York 11223-1745.

      **DEFENDANTS' AFFIRMATIVE DEFENSES**

      2.   By way of further Answer and as affirmative defenses, Defendant denies that

they are liable to Plaintiff on any of the claims alleged and deny that Plaintiff is entitled to damages, statutory, treble or punitive damages, equitable relief, attorney's fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

3. Plaintiff failed to obtain personal jurisdiction over the Defendant due to improper service and/or no service at all.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

4. The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**
**(FAIR USE)**

5. The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

**AS AND FOR A FOURTH AFFIRAMTIVE DEFENSE**
**(First sale Doctrine)**

6. The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine.

**AS AND FOR A FIFTH AFFIRAMATIVE DEFENSE.**
**(Functionality).**

7. The claims made in the Complaint are barred, in whole or in part, on the basis that any marks at issue are functional.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

8. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE.
### (Statute of Limitations).

9. The Claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE.
### (Laches)

10. Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, despite its full awareness of Defendants' actions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE.
### (Generic Terms).

11. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all mares at issue are generic.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE.
### (Lack of Secondary Meaning)

12. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE.
### (Waiver, Ascquiesence, and Estoppel)

13. Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver ascquiescense, and estoppel. Upon information and belief, the Defendant was lead to believe that the Plaintiff would not start a claim against the Defendant, but would instead work out a deal with Plaintiff to purchase goods from specific vendors. Instead of working with the Defendant to correct any misunderstandings pursuant to the allegations in the Complaint, the Plaintiff commenced this instant lawsuit.  Thus, the Defendant seeks dismissal of the instant Complaint so the parties can work out a resolution whereby the Defendant will purchase goods to sell on platforms from that would not infringe on Plaintiff's legal rights

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

14. Defendant has not infringed any applicable trademarks under federal or state law.

## AS AND FOR A THIRTEENTH AFFIRAMTIVE DEFENSE
### (No Causation)

15.  Plaintiff's claims against Defendant are barred because Plaintiff's damages, if any, were not caused by Defendant.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### (No Damage)

16. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

17. Plaintiff's claims are barred by the doctrine of unclean hands because, upon information and belief, the Plaintiff had numerous telephone conferences with the Defendant prior to suit to work out a deal with the Defendant so the Defendant would purchase goods from a wholesaler who the Plaintiff would approve so Defendant would not infringe on any of Plaintiff's rights as alleged/ stated in the Complaint. However, the Plaintiff commenced suit before a deal could be stricken.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

**(Lack of Irreparable Harm).**

18. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE.

**(Adequacy of Remedy at Law)**

19. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to equitable relief.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

20. The Claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist**.**

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

21. Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE.
### (Fraud).

22. The Claims made in the Complaint are barred, in whole in part, by fraud on the United States & Trademark Office. Upon information and belief, the Plaintiff/applicant in this case erroneously made claims on use(s) of a mark(s) on certain goods, to the United States & Trademark Office, such as certain skin cream and moisturizing products; which products shall be identified through discovery.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Abandonment)

23. The Claims made in the Complaint are barred, in whole or in party, by abandonment of any marks at issue.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Third-Party Use)

24. The claims made in the Complaint are barred, in whole or in party, by reason of other parties' use of any marks at issue.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Actions of Others)

25. The claims made in the Complaint are barred, in whole or in part, because Defendant is not liable for the actions of others over whom it has no control.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Punitive damages).

26. Defendant alleged that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the laws of the United States and New York because (i) an award of punitive or exemplary damages would be unconstitutional under the United States and New York Constitutions; specifically, the First Amendment of the United States Constitution, (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the safeguards of the constitution and the due process clause.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

27. To the extent that Plaintiff has a policy of insurance covering any losses referred to in the Complaint, Plaintiff is precluded from recovery of such losses from Defendant.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

28. Defendant alleges on information and belief that as a result of its own acts and omissions, Plaintiff has waived its rights in this case.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

29. Any and all acts alleged to have been committed by Defendant performed with lack

of knowledge and lack of willful intent.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE ADDITIONAL DEFENSES**

30. Defendant reserved the right to add additional defenses based on information learned or obtained during discovery.

**WHEREFORE,** Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint.
2. That the Complaint and each and every purported claim for relief therein, be dismissed with prejudice.
3. That Defendants be awarded its costs of suit incurred herein, including attorney's fees and expenses; and
4. For such and further as the Court deems just and proper.

Respectfully Submitted,

Dated: Port Washington, New York
August 5, 2021

    /S/ Joshua Bronstein
   By: Joshua Bronstein
   The Law Offices of Joshua R.
   Bronstein & Associates, PLLC
  Attorney for Defendant EVENT
  FASHION
 FOOTWEAR, INC.,
  d/b/a EVENT FASHION LLC
  114 Soundview Drive
  Port Washington, New York 11050
  Tel.: 516-698-0202
  e-mail:jbrons5@yahoo.com

TO: Robert C. Kain, Jr. Esq. (NY 1923374)
Attorneys for Plaintiff
RKain@ConceptLaw.com
CONCEPT LAW GROUP, P.A.
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Florida 33309
Tel.: 754-300-1500

# ATTORNEY VERIFICATION

Joshua R. Bronstein, an attorney duly admitted to the practice of law in all the Courts of the State of New York, affirms under penalty of perjury, that he is the attorney for the Defendant in this case, that he has read the foregoing First Amended Answer, and knows the contents thereof, that same is true to your affiant's own knowledge, except as to those matters said to be upon information and belief, and as to those matters affiant believes them to be true.

The reason that this verification is made by affiant instead of the Defendant is that the Defendant's office is located in a county other than that in which affiant's office is located.

The source of information as to those items said to be true upon information and belief is books and records supplied by the Defendant.

Dated: August 5, 2021

Port Washington, NY

                                             /S/ Joshua Bronstein_____
                                                    Joshua R. Bronstein