**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOUTH BEACH SKIN CARE, INC. a Florida Corporation and LIFECELL IP HOLDINGS, LLC, a Florida Limited Liability Company | **Case No. 21-cv-3135-DG-LB** |
| | **MOTION AND SUPPORTING MEMORANDUM FOR ALTERNATIVE SERVICE OF PROCESS VIA EMAIL** |
| Plaintiffs, | |
| vs. | |
| EVENT FASHION FOOTWEAR, INC., d/b/a EVENT FASHION LLC, a New York corporation, D & J SKY SHOP, INC. a New York corporation and GLOBAL PRIME DIRECT, LLC a Massachusetts corporation, | / |
| Defendants. | |

Plaintiffs, SOUTH BEACH SKIN CARE, INC. a Florida Corporation and LIFECELL IP

HOLDINGS, LLC, a Florida Limited Liability Company (collectively "**LIFECELL**"), hereby

move the Court to permit LIFECELL to serve the complaint and summons on Defendant, D & J

SKY SHOP, INC. (herein "**D&J**") by way of alternative service of process via email and regular,

U.S. mail pursuant to Fed.R.Civ.P. 4(h)(1)(A), and 4(e)(1) which incorporates New York's service

of process law, N.Y. C.P.L.R. § 308(5).

Introduction

Plaintiff, South Beach Skin Care, Inc. et al. ("**South Beach**") manufactures and sells a

skin cream which dramatically improves the appearance of one's skin. Co-plaintiff, LIFECELL

IP HOLDINGS, LLC. (collectively herein "**LIFECELL**"), is the owner of federally registered

trademarks LIFECELL and LIFECELL SOUTH BEACH SKINCARE and Design. Plaintiff

LIFECELL sued Defendants EVENT FASHION FOOTWEAR, INC., d/b/a EVENT FASHION

1

LLC (herein "**EVENT**"), **D&J** and GLOBAL PRIME DIRECT, LLC. (herein "**GLOBAL**") because they sold counterfeit goods using LIFECELL's trademarks on packages and skin cream tubes which are indistinguishable from LIFECELL's product. See Complaint, ECF 2, pg. 6. Pre-litigation investigation revealed that EVENT sold counterfeit product to D&J, who in turn, sold product to GLOBAL. D&J is evading service of process.

<u>Factual Support for Alternative Service of Process</u>

Process servers attempted to serve D&J at its last known business address listed on D&J invoices but were unsuccessful. See **Exhibits 1 and 2** (invoices from D&J to GLOBAL and invoices from EVENT to D&J, respectively), and **Exhibit 3** (Affidavit of Non-Service at D&J's business address). A further investigation located an address of Daniel Amar, president of D&J, but again D&J's president could not be located by the process servers. See **Exhibit 4**, (Affidavit of Non-Service at Mr. Amar's address). Regarding Mr. Amar's location, LIFECELL first directed the process servers to Mr. Amar's address listed on the New York State corporate records for D&J. See **Exhibit 5**. An internet search for D&J located a third address for the company (see **Exhibit 6**, Better Business Bureau ("BBB") online profile), but the process server discovered that the BBB address was a mailbox and NOT an apartment on U Avenue, Brooklyn. See Exhibit 4, 2nd attempt.

Before initiating the present lawsuit, LIFECELL's counsel sent Mr. Amar and D&J a letter notice of infringement. See **Exhibit 7**, Spielman letter. D&J responded and supplied Plaintiff counsel's firm the offending purchase and sale invoices, two of which are enclosed as Exhibits 1 and 2.

D&J also communicated with LIFECELL, made an inquiry to become a LIFECELL distributor and completed an application for distributorship.  See **Exhibit 8**, email from D&J and **Exhibit 9**, Distributor Application. On these documents, D&J listed the address 1304 Avenue M, Brooklyn, where the first attempt to serve process was made. See Exhibit 3.

Having made five (5) unsuccessful attempts to serve the complaint and summons either at D&J's various business locations and on Daniel Amar, D&J's official representative (see Exhibit 5), LIFECELL now seeks permission from the Court to effect service of process on D&J in the following manner:

Email Service at: daniel@djskyshop.com

U.S. Mail in Brooklyn, N.Y. 11230 at: (i) 1304 Ave M (listed in its invoices); (ii) 1566 East 12th Street (listed on N.Y. State corporate records), and (iii) 1202 Avenue U, Box 1129 (listed on the BBB online directory).

Legal Basis Supporting Relief

Courts have permitted alternate email service of process under Fed.R.Civ.P. 4(h)(1)(A), and 4(e)(1) which incorporates New York's service of process law, N.Y. C.P.L.R. § 308(5). State law permits service "in such a manner as the court, upon motion without notice, directs" as long as service is impracticable by personal service and mailing. N.Y. C.P.L.R. § 308(5). See *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, 2020 WL 4497160, at *2 (SDNY Aug. 5, 2020), report and recommendation adopted, 2020 WL 7093592 (SDNY Dec. 4, 2020), appeal dismissed (May 21, 2021); *Ward v. Innosub USA*, 2021 WL 1516055, at *2 (SDNY Mar. 15, 2021)(entering default judgment after permitting alternate email service of process).

State law permits service of process "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business." N.Y. C.P.L.R. § 308(2). As shown on the affidavits of non-service, such attempts were not successful.  State las also provides "where service under paragraphs one and two [§ 308(1) and (2)] cannot be made with due diligence, by affixing the summons to the door of either the actual place of business." In the case at bar, the process servers could not confirm the actual place of business of D&J.

Courts in New York and elsewhere have authorized service of process by email where service by traditional methods was impracticable. See, e.g., *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 368 (E.D.N.Y. 2016) (granting motion to serve via email and Facebook in addition to attempts at last known physical address); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) ("[S]ervice to the email address listed on defendant's website is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F.Supp.3d 385, 391 (S.D.N.Y. 2014)); *Safadjou v. Mohammadi*, 964 N.Y.S.2d 801, 803-04 (N.Y. App. Div. 2013) ("[B]oth New York courts and federal courts have, upon application by plaintiffs, authorized [e]mail service of process as an appropriate alternative method when the statutory methods have proven ineffective.") (citing *Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.*, 910 N.Y.S.2d 418, 422 (N.Y. App. Div. 2010)); *Snyder v. Alternate Energy, Inc.*, 857 N.Y.S.2d 442, 449 (N.Y. Civ. Ct. 2007) (authorizing service by email of defendant corporation and its president under § 308(5) and § 311(b) where service by traditional means proved impracticable). In each instance, the courts found that service via email comports with due process.

Email service on a defendant engaged in illegal online activity is particularly appropriate because email is the most effective means of providing the defendant with notice of the action. See *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, *9 (S.D.N.Y. Mar. 13, 2007) (finding service by email appropriate where defendants "conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email"); *McCluskey v. Belford High Sch.*, 2010 WL 2696599, *9-10 (E.D. Mich. June 24, 2010) (concluding that service via email was appropriate where the defendants conducted their business online and relied on an email address to conduct their business); *Elcometer, Inc. v. TQC-USA, Inc.*, 2013 WL 592660, *7 (E.D. Mich. Feb. 14, 2013) (same); *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (holding that Rule 4(f)(3) "clearly authorizes" service by email where defendant's address was unknown and emails sent using the addresses defendant provided to the domain name registrar did not bounce back).

<u>Requested Relief</u>

The affidavits of non-service (Exhibits 1 and 2) indicate that D&J is no longer operating at its former places of business. Therefore, mailing the complaint after "nailing" the complaint on the door of the business might not be considered good service of process under N.Y. C.P.L.R. § 308(2).

Therefore, LIFECELL requests that the Court permit it to serve D&J via email, followed by mailing the complaint to D&J, under New York law. N.Y. C.P.L.R. § 308(5)("in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four [§ 308(1), (2) and (4)] of this section."

5

Dated:      Aug. 9, 2021.                    Respectfully submitted,

                                             By:    */s/RobertKain*_____
                                             Robert C. Kain, Jr., Esq. (NY 1923374)
                                             RKain@ConceptLaw.com
                                             CONCEPT LAW GROUP, P.A.
                                             6400 N. Andrews Ave., Suite 500
                                             Fort Lauderdale, Florida 33309
                                             Telephone:    754-300-1500
                                             Facsimile:    754-300-1501

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on __Aug 9 _____, 2021, I electronically filed the
foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the
foregoing document is being served this day on all counsel of record listed in the ECF system for
this case, either via transmission of Notices of Electronic Filing generated by CM/ECF or in
some other authorized manner for those counsel or parties who are not authorized to receive
electronic Notices of Electronic Filing.

                                     /s/RobertKain
                                     Robert C. Kain, Jr., Esq.       (NY 1923374)