

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Mark Berkowitz**
Partner
212-216-1166
mberkowitz@tarterkrinsky.com

**Via ECF** January 24, 2022

The Honorable Sanket J. Bulsara, U.S.M.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *South Beach Skin Care, Inc. et al. v. Event Fashion Footwear, Inc. et al.*,
        No. 1:21-cv-03135-DG-SJB
        Response to Plaintiffs' Motion to Compel re Comcast Subpoena

Dear Judge Bulsara:

    We represent Defendant Event Fashion Footwear, Inc. ("Event") in the above-referenced action. Pursuant to Your Honor's Individual Rule IV.B, Event respectfully submits this response to Plaintiffs' "Motion for Entry of Court Order Regarding Third Party Subpoena Directed to Comcast" (ECF No. 47, "Motion"). Specifically, Plaintiffs seek an order compelling non-party Comcast Cable Communications, LLC ("Comcast") to comply with Plaintiffs' December 16, 2021 subpoena on Comcast ("Comcast Subpoena"). For the reasons discussed below, Plaintiffs' Motion should be denied.

### The Motion Is Premature

    Plaintiffs' Motion is, at best, premature. Plaintiffs have served a flurry subpoenas and buried Event with discovery requests, but have still not explained the basis for their case or provided any supporting evidence. In multiple filings, Plaintiffs have alleged that Event and the other defendants have sold "counterfeit goods" (i.e., fake skin cream bearing Plaintiffs' trademark). (Mot. at 1). But Plaintiffs have produced no support for these statements, despite the fact that discovery in this case has been open since August.

    Rather, a review of the record suggests that Plaintiffs have jumped to the conclusion that the products sold by Event "are clearly counterfeit" based on pure speculation. (*See, e.g.*, ECF No. 2-1 at 2 (stating "concerns about whether the LIFECELL products being offered and sold by [Event] are genuine" simply because Event was not an "authorized" reseller)). Of course, "the unauthorized sale of a trademarked article does not, without more, constitute a Lanham Act violation." *H.L. Hayden Co. v. Siemens Med. Sys.*, 879 F.2d 1005, 1023 (2d Cir. 1989). And it certainly does not provide a good faith basis to cast Event (or any of the other defendants) as entities dealing in counterfeit goods. *See El Greco Leather Prod. Co. v. Shoe World, Inc.*, 623 F. Supp. 1038, 1040–41 (E.D.N.Y. 1985) (noting that the court was "troubled by El Greco's use of

the word 'counterfeit' to describe merchandise whose sale by the manufacturer was unauthorized but which is otherwise genuine"), *aff'd*, 806 F.2d 392 (2d Cir. 1986).

Plaintiffs argue that "Event's [objection to the Comcast Subpoena] appears to be based on Event's belief that the claims asserted in the complaint do not have merit." (Mot. at 2). Not true. Event simply objects to Plaintiffs' harassment of non-parties prior to explaining the nature of this action or providing *any support* for its fishing expedition. *See Alessi Domenica S.P.A. v. OTC Int'l Ltd.*, No. CV 2004-5383(CPS)(MDG), 2006 WL 3050874, at *1–2 (E.D.N.Y. Oct. 25, 2006) (quashing plaintiff's subpoena and noting that courts should not grant discovery requests that constitute fishing expeditions).

Plaintiffs also assert that Event lacks standing to object to the Comcast Subpoena. However, even "[i]n cases where the party lacks standing to challenge a subpoena served on a non-party, the Court may nevertheless exercise its inherent authority to limit irrelevant or non-proportional discovery." *Hughes v. Hartford Life & Accident Ins. Co.*, 507 F. Supp. 3d 384, 405 (D. Conn. May 22, 2020); *Frazier v. Morgan Stanley & Co., LLC*, No. 16-CV-804 (RJS), 2021 WL 2709250, at *5 (S.D.N.Y. July 1, 2021) (exercising its inherent authority to "impose[] the same limits on the [subpoena] requests as it imposed" on the requests between the parties).

### The Motion Is Procedurally Defective

Plaintiffs have not made any showing that they moved to compel compliance with the Comcast Subpoena in the correct court. Under Rule 45, "the court for the district where compliance is required is the proper venue for a motion to compel." *JMC Rest. Holdings, LLC v. Pevida*, No. 14 CIV. 6157 WFK VMS, 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015). The place of compliance "for the 'production of documents, electronically stored information, or tangible things [is] at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.'" Fed. R. Civ. P. 45(c)(2)(A). Plaintiffs' Motion does not attempt to identify the proper place of compliance for the Comcast Subpoena, let alone explain why this Court has the authority to enforce a subpoena directed to Comcast.

Furthermore, where the commanded party objects to a subpoena duces tecum, Rule 45(d)(2)(B)(i) allows the serving party "[a]t any time, on notice to the commanded person" to "move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). There is no indication that Comcast has been served with "notice" of Plaintiffs' Motion. Rather, the Motion only discusses Plaintiffs' efforts to meet and confer with parties to this action and the Certificate of Service annexed to the Motion is unclear as to whether notice has been provided to Comcast. (Mot. at 2–3).

\*   \*   \*

For the reasons discussed above, Plaintiffs' Motion should be denied.

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

*s/ Mark Berkowitz*

Mark Berkowitz

2