UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SOUTH BEACH SKIN CARE, INC., et al.,

                Plaintiffs,

v.

EVENT FASHION FOOTWEAR, INC., et al.,

                Defendants.

**MEMORANDUM & ORDER**
21-cv-3135 (HG) (SJB)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiffs South Beach Skin Care, Inc. and Lifecell IP Holdings, LLC (collectively "Plaintiffs") bring this action against Defendants D & J Sky Shop Inc. ("D&J") and Event Fashion Footwear, Inc. ("Event")[1] for alleged violations of: (i) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); (ii) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(A); (iii) contributory infringement; and (iv) common law unfair competition. ECF No. 2 (hereinafter, "Compl.") ¶¶ 23–51. Presently before the Court is D&J's motion to dismiss the Complaint. ECF No 66. For the reasons set forth below, Defendant's motion to dismiss is denied.

**BACKGROUND**[2]

This case arises from a trademark infringement dispute. Plaintiffs allege that D&J is part

---

[1] An additional co-Defendant, Global Prime Direct, LLC ("Global"), was also named in the Complaint, but has since settled with Plaintiffs and is no longer a party to this action. ECF No. 22.
[2] The factual background is derived from the allegations in the Complaint, which the Court accepts as true when considering a motion to dismiss. *See Whiteside v. Hover-Davis*, *Inc.*, 995 F.3d 315, 318 n.2 (2d Cir. 2021).

of a commercial chain, along with co-Defendants Event[3] and Global, selling counterfeit goods falsely marked with the LIFECELL® brand.  Compl. ¶ 23.  D&J is the purported middleman in the chain—it allegedly bought counterfeit goods from Event and then sold them to Global.  *Id*. ¶ 36.

On June 4, 2021, Plaintiffs filed their initial complaint.  ECF No. 2.  On June 10, 2021, a summons was issued as to all Defendants.  ECF No. 5.  Plaintiffs initially had trouble serving D&J, *see* ECF No. 19, and as a result, D&J first appeared on November 14, 2021.  Thereafter, D&J promptly filed a premotion conference letter seeking permission to file a motion to dismiss.  ECF No. 32.  The Court set a briefing schedule on D&J's motion to dismiss on June 1, 2022.  ECF Text Order, June 1, 2022.  D&J filed its motion to dismiss ("Motion") on June 24, 2022.  ECF No. 66.  Plaintiffs filed their response in opposition on July 15, 2022.  ECF No. 69.  Defendant did not file a reply.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may

---

[3]  Co-Defendant Event does not join in the Motion, nor has it filed its own motion to dismiss.

2

be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). While the Court must draw all reasonable inferences in favor of the non-moving party, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

D&J argues that the Complaint fails as a matter of law because there are no viable allegations of contributory or direct infringement. ECF No. 66-1 at 7.

### A. Trademark Infringement and False Designation of Origin (Counts III & IV)

D&J alleges that Plaintiffs trademark infringement and false designation of origin claims are "not properly pled." ECF No. 66-1 at 7.

"To establish [a] claim[] for trademark infringement or false designation of origin, a plaintiff must show that (1) its mark is entitled to protection, and (2) the use of its mark by the defendant is likely to confuse consumers as to the sponsorship or origin of the goods." *N. Atl. Operating Co. v. Evergreen Distribs.*, LLC, 293 F.R.D. 363, 368–69 (E.D.N.Y. 2013).

The Motion focuses on the second prong of the test.[4] It argues that the Complaint fails to plead that D&J's use of the mark was likely to cause confusion. ECF No. 66-1 at 10–11. In

---

[4] D&J also argues that "through Discovery against the Defendants there has still been nothing put on the record that shows the product at issue was either counterfeit or fraudulent." ECF No. 66-1 at 11. "[A] court considering a . . . motion to dismiss for failure to state a claim generally may not consult evidence outside the pleadings." *F.D.I.C. v. U.S. Mortg. Corp.*, 132 F. Supp. 3d 369, 379 (E.D.N.Y. 2015) (internal quotation marks and citation omitted). "[I]f parties submit extrinsic evidence, the court has two options: (1) it may exclude such evidence and decide the motion on the complaint alone or (2) convert the motion to one for summary judgment and consider the extrinsic evidence." *Vailette v. Lindsay*, No. 11-CV-3610, 2014 WL 4101513, at *7 (E.D.N.Y. Aug. 18, 2014). The Court chooses to decide the motion on the Complaint alone, and finds that Plaintiffs have sufficiently pled that the product at issue was counterfeit. Compl. ¶¶ 23–24.

effect, D&J's argument is that because it only sold the allegedly infringing goods to co-Defendant Global, and because the Complaint alleges that Global "knew it was not a valid product," that there was no possible confusion. *Id.*

D&J misapplies the standard. The question is not whether co-Defendant Global was confused, but rather whether the alleged use of Plaintiffs' trademark was "likely to confuse *consumers* as to the sponsorship or origin of the goods." *N. Atl. Operating Co. v. Evergreen Distribs.*, LLC, 293 F.R.D. 363, 368–69 (E.D.N.Y. 2013) (emphasis added). In other words, the focus is not whether the merchants selling the products are confused, but whether *consumers* would likely be confused about whether or not Plaintiffs were affiliated, involved, or connected to those sales. Given that Plaintiffs have provided sufficient factual allegations to support the inference that Defendants sold a counterfeit product, Compl. ¶¶ 23–24, and "counterfeits, by their very nature, cause confusion," *Gucci Am., Inc. v. Duty Free Apparel Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y.2003), the Court is satisfied that Plaintiffs' claims of trademark infringement and false designation of origin against D&J are sufficient to survive the Motion.

### B. Contributory Infringement (Count VII)

D&J claims there are no viable allegations of contributory infringement against it. "To be liable for contributory trademark infringement, a defendant must have (1) intentionally induced the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Monbo v. Nathan*, No. 18-cv-5930, 2022 WL 4591905, at *41 (E.D.N.Y. Aug. 26, 2022) (internal quotation marks omitted) (citing *Kelly-Brown v. Winfrey*, 717 F.3d 295, 314 (2d Cir. 2013)). When it comes to intentional inducement, "the intent element is satisfied by a showing that defendant knew or should have known his actions would induce actual infringements."

*Wing Shing Prod. (BVI), Ltd. v. Simatelex Manufactory Co.*, 479 F. Supp. 2d 388, 408 (S.D.N.Y. 2007) (internal citations and quotation marks omitted). D&J argues that the Complaint fails to allege liability under either basis.

According to D&J, the first basis for liability, intentional inducement, fails because "at no time does the Complaint even allege that D&J Sky Shop, Inc. acted 'intentionally' or did so to induce another to engage in infringement." ECF No. 66-1 at 8. However, the Complaint explicitly alleges that D&J acted intentionally. *See, e.g.,* Compl. ¶ 28 ("with the knowledge and intent that such goods will be mistaken"); *id*. ¶ 42 ("Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally"); *id*. ¶ 43 ("Defendants' intentional counterfeiting"); *id*. ¶ 125 ("Defendants have intentionally induced"). Standing alone these statements are mere conclusions. The Complaint, however, alleges additional facts—such as an allegation that D&J used Plaintiffs' proprietary phrase "South Beach SkinCare All in One Anti-Aging Treatment" on their invoices, Compl. ¶ 106, and sold products "with altered or copied images" of Plaintiffs' brands, Compl. ¶ 90—permitting the Court to draw the reasonable inference that D&J knew or should have known its actions would induce actual infringements. *See Iqbal*, 556 U.S. at 678.

D&J's argument against the second basis for contributory trademark infringement liability is also unavailing.[5] D&J argues that from "the face of the Complaint" it is apparent that it "immediately complied" when asked to stop selling the allegedly infringing product. ECF No. 66-1 at 8. However, the portion of the Complaint it cites only says: "LIFECELL gave notice to D&J of its counterfeiting and infringing activities in a cease and desist letter." Compl. ¶ 81.

---

[5] The Court recognizes that the test articulated in *Kelly-Brown* is set forth in the disjunctive, and thus only one basis is needed to find liability. *Kelly-Brown*, 717 F.3d at 314.

There is no allegation from which it can be reasonably inferred that D&J "immediately complied" with the cease and desist request.  As noted above, "[w]hen determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  *Brass*, 987 F.2d at 150.  The Court cannot go beyond those materials when deciding a motion to dismiss.

After a review of the Complaint and attached materials, the Court is satisfied that Plaintiffs have sufficiently pled a claim of contributory trademark infringement against D&J to survive the Motion.

### C.  Common Law Unfair Competition (Count VIII)

D&J also argues that the "remaining state case must therefore also be dismissed and/or remanded."  ECF No. 66-1 at 4.  The Court presumes this refers to the Complaint's claim of common law unfair competition.  "[T]o prove unfair competition at New York common law, a plaintiff . . . must show (1) a likelihood of confusion and (2) bad faith."  *Miss Universe, L.P., LLLP v. Villegas*, 672 F. Supp. 2d 575, 596 (S.D.N.Y. 2009); *see also Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-cv-726, 2013 WL 4409434, at *26 (E.D.N.Y. Aug. 2, 2013) ("The elements of a claim for unfair competition under New York state common law mirror those of its federal counterpart, except that New York additionally requires a showing of bad faith.").  "The inquiry into . . . bad faith considers whether the defendant adopted its mark

with the intention of capitalizing on the plaintiff's reputation and goodwill." *Lopez v. Gap, Inc.*, 883 F. Supp. 2d 400, 423 (S.D.N.Y. 2012) (internal citation and quotation marks omitted.).[6]

As noted above, Plaintiffs have sufficiently pled that the alleged sale of its counterfeit products are likely to cause confusion. In addition, exhibits provided with the Complaint—specifically the cease-and-desist letter made to D&J—support the inference that D&J's "intentions were nefarious from the start." ECF No. 2-2 at 2. Bad faith may be inferred where a defendant had "knowledge or constructive knowledge of" a plaintiff's trademark and still chose to sell products with the infringing mark. *See Aime Leon Dore, Inc. v. TASTR. GmbH*, No. 20-CV-934, 2021 WL 6797294, at *8 (E.D.N.Y. Jan. 8, 2021) (citing *Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 389 (2d Cir. 2005)). In addition, D&J does not argue that it engaged in any of the behavior which could support a finding of good faith, such as "request for a trademark search [or] reliance on the advice of counsel." *Star*, 412 F.3d at 388. Therefore, the Court finds that the Complaint has thus sufficiently pled a state claim of common law unfair competition.

## CONCLUSION

For the foregoing reasons, Defendant D&J's motion to dismiss Plaintiffs' Complaint is DENIED.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       November 28, 2022

---

[6] The inquiry into whether a defendant acted in bad faith under New York law also mirrors the inquiry courts use to identify bad faith under the Lanham Act. *Id*. at 430.